

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 25 2017

JAMES W. McCORMACK, CLERK
By: _____
                          DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TOSHA FLOYD, Individually and on**             **PLAINTIFF**
**Behalf of Others Similarly Situated**

VS.          No. 4:17-cv-**613 - BRW**

This case assigned to District Judge **Wilson**
and to Magistrate Judge **Kearney**

**ALLIED FOOD INDUSTRIES, INC., d/b/a**
**BURGER KING**                                           **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Tosha Floyd, individually and on behalf of all others similarly situated, by and through her attorneys Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant Allied Food Industries, Inc., d/b/a Burger King ("Defendant"), does hereby state and allege as follows:

**I.**

### JURISDICTION AND VENUE

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others

similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas, operating several fast food eating establishments.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiff was employed by Defendants at Burger King restaurant in Little Rock, Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.

## THE PARTIES

9.     Plaintiff Tosha Floyd is a resident and citizen of Pulaski County, Arkansas.

10.    At all times relevant to the allegations in this Complaint, Plaintiff was an salaried employee at one of Defendant's eateries in Little Rock, Arkansas.

11.    At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

12.    At all times material herein, Plaintiff and those similarly situated were not paid one and one half times their regular rate of pay for all hours that they worked in excess of forty (40) per week in violation of the FLSA and the AMWA.

13.    Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

14.    Defendant Allied Food Industries, Inc., d/b/a Burger King, is a foreign limited liability registered to do business in the State of Arkansas.

15.    Defendant's registered agent for service of process in the state of Arkansas is Carolyn B. Witherspoon, located at 500 East Markham, Suite 200, Little Rock, Arkansas 72201.

16.  Defendant is a fast food eatery company with restaurants throughout the southern United States, including several locations in Arkansas.

17.  Defendant has employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

18.  Defendant's annual gross volume of sales is not less than $500,000.00.

19.  Defendant has more than four employees.

## III.

## FACTUAL ALLEGATIONS

20.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

21.  Defendant owns and operates a Burger King restaurant in Little Rock, Arkansas.

22.  Upon information and belief, Defendant owns and operates more than three fast food restaurants within Arkansas.

23.  Plaintiff was employed at Defendant's restaurant at 5900 Dreher Lane in Little Rock starting in or around 2005 and ending about September of 2017.

24.  During the period relevant to this lawsuit, Plaintiff's title was "Assistant Manager."

25.  As an Assistant Manager, Plaintiff was typically required to work at least forty-five hours per week.

26. During the period when Plaintiff was called an Assistant Manager, Defendant classified her as exempt from the overtime requirements of the FLSA and the AMWA, and did not pay her overtime premiums for the hours she worked in excess of forty (40) in a workweek.

27. Defendant did not pay Plaintiff a salary of at least $455 per week.

28. Pursuant to its company-wide policies, Defendant docked Plaintiff a day's pay any time Plaintiff worked less than four hours on a scheduled workday.

29. As an Assistant Manager, Plaintiff had substantially the same duties as the hourly-paid employees with whom she worked.

30. As an Assistant Manager, Plaintiff's primary duties were preparing food, serving customers and cleaning.

### IV.

### REPRESENTATIVE ACTION ALLEGATIONS

31. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated into this section.

32. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   a. Minimum wages for the first forty (40) hours worked each week;

   b. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week; and

    c. Liquidated damages and attorney's fees.

33. In conformity with the requirements of FLSA Section 16(b), Plaintiff will file a written Consent to Join this lawsuit.

34. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

35. The members of the proposed class are similarly situated in that they share these traits:

    a. They were classified by Defendant as exempt from the minimum wage and overtime requirements of the FLSA;

    b. They shared the same job title;

    c. They performed the same non-managerial duties; and

    d. They were subject to Defendant's common policy of docking salaried employees' pay for missing less than a full day's work.

36. Plaintiff is unable to state the exact number of the potential members of the Salaried FLSA Class but believes that the class exceeds fifty (50) persons.

37. Defendant can readily identify the members of the Section 16(b) class, which encompasses all employees at its fast-food restaurants and all salaried employees having the title "Assistant Manager" or equivalent titles.

38. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved

Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.

## FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

40. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

44. Defendant intentionally misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

45. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

46. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

47. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.

## SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

50. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

51. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

52. Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

53. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

54. Defendant willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII.

## **THIRD CAUSE OF ACTION**

**(Collective Action Claim for Violation of the FLSA)**

56.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

57.  Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58.  At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

59.  Defendant misclassified Plaintiff and all similarly situated members as exempt from the overtime requirements of the FLSA, when in fact they were non-exempt employees entitled to overtime pay.

60.  Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

61.  Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

62.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated

damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Tosha Floyd, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.   That Defendant Allied Food Industries, Inc., d/b/a Burger King be summoned to appear and answer this Complaint;

B.   For orders regarding certification of and notice to the proposed class members;

C.   For an order of this Honorable Court entering judgment in favor of Plaintiff and the proposed class members against Defendant for their actual economic damages in an amount to be determined at trial;

D.   For liquidated damages as provided for under the FLSA and the AMWA;

E.   For attorneys' fees, costs, and pre-judgment interest; and

F.   For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**TOSHA FLOYD, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _/s/ Steve Rauls_
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com